UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY McCRAY,

        Petitioner,                      Case No. 08-10134
                                            Honorable David M. Lawson

v.

BARRY DAVIS,

        Respondent.

_____/

**OPINION AND ORDER DENYING A CERTIFICATE OF APPEALABILITY**

    The petitioner, Stanley McCray, presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, the petitioner alleged that there was insufficient evidence to support his conviction of armed robbery; that he was deprived of his rights when inconsistent verdicts were rendered as against him and his co-defendant; that there was insufficient evidence to support his conviction of assault with intent to murder; that the trial court improperly calculated his sentence; that he received ineffective assistance of counsel; and prosecutorial misconduct. The Court found that the petitioner's claims either did not state a cognizable claim for federal habeas review or did not establish that he was in custody in violation of the Constitution or laws of the United States.

    Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

In denying the habeas petition, the Court held that two of the petitioner's claims were both procedurally barred and without merit, one of his claims failed to state a cognizable claim for federal habeas review, and the rest of his claims failed to raise a right to habeas relief. The Court held that the petitioner's first claim for relief, that there was insufficient evidence to support his conviction of armed robbery, failed because the record evidence reasonably supports a finding of guilt beyond a reasonable doubt. The Court held that the petitioner's claim that he was deprived of his rights when inconsistent verdicts were rendered as against him and his co-defendant did not raise a right to relief as the state court's affirmation of the petitioner's conviction was not an unreasonable application of clearly established federal law. The Court held that the petitioner's claim that there

was insufficient evidence to support his conviction of assault with intent to murder failed because the record evidence reasonably support a finding of guilt beyond a reasonable doubt. The Court held that the petitioner's claim that the trial court improperly calculated his sentence was based solely upon state law and therefore failed to state a cognizable claim for federal habeas review. The Court found that the petitioner's last two claims of ineffective assistance of counsel and prosecutorial misconduct failed because they were both procedurally barred and did not entitle him to habeas relief on the merits. The Court finds that its resolution of the petitioner's claims would not be debatable among reasonable jurists.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED** on all grounds raised by the petitioner.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 31, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 31, 2011.

s/Deborah R. Tofil  
DEBORAH R. TOFIL